Civil Action No.  08-cv-01742-EWN-KLM

JAMES ARTHUR FAIRCLOTH,

      Plaintiff,

v.

LT. HARTMAN, Administrative Lt. For Health Services,
ELAINE MEYERS, Health Services Administrator, and
DR. PITCHER (Medical Doctor),

      Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on numerous Motions filed by Plaintiff [Docket Nos. 18, 19, 20, 21 and 24].

      Plaintiff first requests that the Court appoint counsel to represent him. *Motion for Appointment of Counsel* [#18] at 1. However, the Court does not have the power to appoint an attorney without the attorneys' consent, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff such as this Plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

      The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants:  (1) the merits of the litigant's claims, (2) the nature of the

factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief under various constitutional provisions. His filings to date indicate that he has a firm grasp of the facts and issues in this case, that he is capable of presenting the case, and has presented his claims adequately. The legal issues, though varied, are not overly complex, novel, or difficult to state or analyze.

The fact that the Plaintiff is incarcerated does not warrant the need for volunteer counsel. The fact of Plaintiff's incarceration is a normal, not a special, circumstance in this type of case before this court, and therefore, does not provide special circumstances to consider in determining whether to seek volunteer counsel.

Accordingly, IT IS HEREBY **ORDERED** that the **Motion for Appointment of Counsel** [Docket No. 18; Filed September 30, 2008] is **DENIED**.

Second, Plaintiff requests that the Court send all communications to him by mail, and not to the Department of Corrections electronic file. *Motion* [#21] at 1. The Court notes that while the Minute Order Setting Preliminary Scheduling Conference [#13] was sent to the Department of Corrections electronic file, this was done in error. The Court has noted Plaintiff's correct mailing address and all further court communications will be sent

to this address.  Accordingly, IT IS HEREBY **ORDERED** that the **Motion for Order to Stop Sending Orders and Minutes to D.O.C. Electronic File and to Send All Minutes by Mail to Plaintiff** [Docket No. 21; Filed September 30, 2008] is **GRANTED**.

Third, the Court notes that Plaintiff has filed a letter with the Court that has been docketed as a Motion [Docket No. 24].  The Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District Court for the District of Colorado require that parties to civil litigation file *motions* when they seek relief from the Court.  Fed. Rule Civ. Pro. 7(b)(1) ("An application to the court for an order shall be by motion..."); D.C.Colo.L.Civ.R. 7.1C .  In the future, the Court will not rule on letters seeking relief.

Construing Plaintiff's letter as a motion, the Court finds that the letter seeks numerous forms of relief to which Plaintiff is not entitled, including that he be provided a lawyer, and that the Court order officials at Arapahoe County Detention Facility to refrain from opening his mail and to provide him with inmate account statements.  The Court has previously ruled on Plaintiff's request for counsel.  Further, to the extent that Plaintiff's letter may be construed as seeking a preliminary injunction to compel non-parties to perform certain tasks, the Court notes that it has no authority to grant injunctive relief against non-parties.  *See* Fed. R. Civ. P. 65(d) ("Every order granting an injunction . . .  is binding only upon the parties to the action . . . .")

Accordingly,  IT IS HEREBY **ORDERED**  that the **Motion** [Docket No. 24; Filed September 30, 2008] is **DENIED**.

Finally, Plaintiff has filed two separate motions requesting that he be allowed to amend his Complaint [Docket Nos. 19 and 20].  Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend his pleading "once as a matter of course: (A) before being served with

a responsive pleading; . . . ." Because no responsive pleading has been filed in Plaintiff's case, and Plaintiff has not yet amended his Complaint, he may amend his Complaint without leave of Court. However, as he has filed Motions, the Court will rule on these Motions.

IT IS HEREBY **ORDERED** that the **Motions to Amend** [Docket Nos. 19 and 20] are **GRANTED**. Plaintiff is directed to file an Amended Complaint that lists all Defendants and contains the specific claims for relief that Plaintiff wishes to assert on the court-approved "Prisoner Complaint" form on or before **October 24, 2008**.

IT IS FURTHER **ORDERED** that the Clerk of the Court mail to Mr. Faircloth, together with a copy of this order, two copies of the following form: Prisoner Complaint.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: October 3, 2008