IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01742-PAB-KLM

JAMES ARTHUR FAIRCLOTH,

    Plaintiff,

v.

LT. HARTMAN, Administrative Lt. For Health Services,
ELAINE MEYERS, Health Services Administrator, and
DR. PITCHER (Medical Doctor),
LT. COURTNEY, and
DR. MOZER,

    Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendants' Joint Motion to Strike Plaintiff's Motion [Doc. #57], "Amended Order" [Doc. #60], and Declarations [Doc. # # 61-66, 70]** [Docket No. 72; Filed December 2, 2008] (the "Motion to Strike") and **Plaintiff's Motion to Amend Filing of Motions and Other Papers in Accordance with Rules Fed. R. Civ. P. 5 and Rule 7 For Docs #60-66, 70** [Docket No. 74; Filed December 11, 2008] (the "Motion to Amend"). The Court must construe the Motion to Amend liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has reviewed the motions, the entire case file and applicable case law and is sufficiently advised in the

1

premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion to Strike is **DENIED** and the Motion to Amend is **GRANTED IN PART AND DENIED IN PART**, as set forth below.

First, Defendants move to strike Plaintiff's "Motion for Court to Issue Order to Cause for Injunction" [Docket No. 57; Filed November 12, 2008], Plaintiff's "Amended Order to Cause for an Injunction a Temporary Restraining Order [Docket No. 60; Filed November 20, 2008] and numerous "Declarations" filed by Plaintiff [Docket Nos. 61-66; Filed November 20, 2008] and [Docket No. 70; Filed December 1, 2008]. *Motion to Strike* [#72] at 1. As grounds, Defendants argue that the filings listed above were not properly served on Defendants, in accordance with Fed. R. Civ. P. 5(a). *Id.* at 3. Second, Defendants argue that Plaintiff's "Amended Order to Cause for an Injunction a Temporary Restraining Order" [Docket No. 60; Filed November 20, 2008] is not titled as a motion, as required by Fed. R. Civ. P. 7(1)(b) and D.C.Colo.LCivR. 7.1C. *Id.* Finally, Defendants argue that Plaintiff's Declarations [#60-66, #70] are "redundant, do not seek any specific relief, are not in the form of a motion or exhibit to motion, and were not served on Defendants." *Id.* at 4.

Rule 5(a) requires that any "pleading filed after the original complaint" be served on every party in the case, and 5(d) requires that a certificate of service be filed "within a reasonable time after service." Fed. R. Civ. P. 5. The Court notes that although Plaintiff has provided a "certificate of mailing," Plaintiff only certifies that he has mailed copies of his declarations and motions to the Court's address, and does not list any Defendants or their mailing addresses on his certificate [Docket No. 67]. Therefore, Plaintiff has not complied with the requirements of Rule 5(a). However, the Court notes that there does not appear to be any prejudice to Defendants regarding the Motions that they seek to strike,

2

as they have received notice of the Motions and Declarations via the electronic filing system. Therefore, in light of the lack of prejudice to Defendants and Plaintiff's *pro se* status, the Court will not, at this time, strike Plaintiff's Motions or Declarations. Accordingly, IT IS HEREBY **ORDERED** that the Motion to Strike is **DENIED**. However, in the future, **Plaintiff is warned that he must comply with the relevant rules of civil procedure, and therefore, must serve any motion or other pleading on every party, by mail, as required by Fed. R. Civ. P. 5(a).** Further, Plaintiff is again instructed that the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District Court for the District of Colorado require that parties to civil litigation file *motions* when they seek relief from the Court. Fed. Rule Civ. Pro. 7(b)(1) ("An application to the court for an order shall be by motion..."); D.C.Colo.L.Civ.R. 7.1C. In the future, **Plaintiff must file motions with the Court, and the Court will not rule on letters seeking relief.**

Second, although Plaintiff has not filed a response to the Motion to Strike, Plaintiff filed a Motion to Amend on December 11, 2008, in which he appears to respond, in part, to the arguments made in the Motion to Strike. Plaintiff merely states that he has no knowledge of the law, and that the evidence presented in his "Declarations" is relevant to proving the merits of his case. *Motion to Amend* [#74] at 2. Plaintiff apparently requests that the Declarations be attached to a response to Defendants' pending motions to dismiss [Docket Nos. 46, 53, 56, & 69] which Plaintiff has yet to file, or to a future response to a future motion for summary judgment which Defendants have yet to file. *Id.* In the alternative, Plaintiff requests that the original Declarations be returned to him so that he may re-file them. *Id.* However, because the original Declarations that Plaintiff filed were

3

destroyed after being electronically filed in Plaintiff's case in accordance with ordinary court procedures, the Court cannot order the Declarations returned to Plaintiff.  Second, to the extent that Plaintiff requests that the declarations be attached to his future response to Defendants' pending motions to dismiss, this request is **denied**.  Any evidence outside Plaintiff's Complaint will not be considered by the Court in ruling on the pending motion to dismiss, as a court evaluating a complaint tested by a motion to dismiss may only consider the complaint and any documents attached to it as exhibits.  See *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

Finally, to the extent that Plaintiff desires to utilize this evidence in order to respond to a future motion for summary judgment, Plaintiff may ask the Court to consider the Declarations in response to any such motion under the following conditions: **when Plaintiff responds to any future motion for summary judgment, Plaintiff must specifically identify the Declaration that he wishes to use by docket number, date and page number.**  Any information he does not specifically identify will not be considered by the Court, and need not be addressed by Defendants.  **Further, Plaintiff is directed that any future "declarations" which are not attached to a motion, or a response/reply to a motion, will be stricken by the Court**.

Finally, Plaintiff requests an extension of time to respond to Defendants' "Answers", which the Court construes as requesting an extension of time to respond to the pending motions to dismiss [Docket Nos. 46, 53, 56 & 69].  This request will be granted, as set forth below.

As set forth above, IT IS HEREBY **ORDERED** that **Defendants' Joint Motion to**

4

**Strike Plaintiff's Motion [Doc. #57], "Amended Order" [Doc. #60] , and Declarations [Doc. # # 61-66, 70]** [Docket No. 72; Filed December 2, 2008] is **DENIED**.

IT IS FURTHER **ORDERED** that **Plaintiff's Motion to Amend Filing of Motions and Other Papers in Accordance with Rules Fed. R. Civ. P. 5 and Rule 7 For Docs #60-66, 70** [Docket No. 74; Filed December 11, 2008] is **GRANTED IN PART AND DENIED IN PART**. The deadline for Plaintiff to respond to Defendants' Motions to Dismiss [Docket Nos. 46, 53, 56 & 69] is extended to **February 6, 2009**. No further extensions of time will be granted.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall mail Plaintiff a copy of the docket sheet in the above-captioned case.

                                           BY THE COURT:

                                           __s/ Kristen L. Mix_____

                                           United States Magistrate Judge

Dated: January 5, 2009