IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01742-PAB-KLM

JAMES ARTHUR FAIRCLOTH,

    Plaintiff,

v.

LT. HARTMAN, Administrative Lt. For Health Services,
DR. PITCHER (Medical Doctor), and
DR. MOZER,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on an Order to Show Cause [Docket No. 108]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.Colo.LCivR 72.1.C, the matter has been referred to this Court for recommendation.

The Court issued the Order to Show Cause because Defendant Hartman has not been served with the Summons and Complaint in this action. [Docket No. 16]. The Complaint was filed on August 15, 2008 [Docket No. 3]. All of the remaining Defendants have been dismissed. [Docket Nos. 94, 99, 106]. By Order dated September 12, 2008, the United States Marshal was directed to serve a copy of the Summons and Complaint on all Defendants [Docket No. 11]. The address for Defendant Hartman provided by Plaintiff was P.O. Box 4918, Centennial, Colorado 80155. [Docket No. 3]. Service by the United States Marshal was unsuccessful because Defendant Hartman had retired and relocated to Nevada in July, 2008. [Docket No. 16].

Plaintiff was ordered to show cause why this Court should not recommend that the case against Defendant Hartman be dismissed pursuant to Fed. R. Civ. P. 4(m) & 41(b). Plaintiff was directed to file proof of service on Defendant Hartman, or respond, in writing, to the Order to Show Cause on or before May 7, 2009. Plaintiff was advised that failure to respond and provide sufficient contact information for the Court to effect service on Defendant Hartman would result in this Court issuing a recommendation to dismiss Plaintiff's action as to him.

Plaintiff has not responded to the Order to Show Cause. Fed. R. Civ. P. 4(m) authorizes the Court to dismiss a party's case for his failure to timely serve a summons and complaint unless the party can show good cause for his failure. In this case, Plaintiff failed to provide good cause for his failure to timely serve Defendant Hartman. Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995), the Court is not inclined to do so here. The case has been pending since August 15, 2008, and relates to incidents that allegedly occurred in February, 2008. Moreover, Plaintiff was warned that his failure to provide sufficient information for the Court to effect service would result in a recommendation of dismissal. *See Raeth v. Bank One*, 05-cv-02644-WDM-BNB, 2008 WL 410596, *3 at & n.4 (D. Colo. Feb. 13, 2008) (unpublished decision). While Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Complaint for plaintiffs proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision). Plaintiff has not provided any such information to the Court. Accordingly,

I **RECOMMEND** that the claims against Defendant Hartman be **DISMISSED**, and that this action be dismissed with prejudice.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 11, 2009

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix